PUERTO RICO DISTILLING COMPANY, Plaintiff and Appellant,
v. RAFAEL SANCHO BONET, TREASURER OF PUERTO RICO,
Defendant and Appellee.

No. 7443. Argued January 25, 1938.—Decided February 11, 1938.

 

*Leopoldo Feliú* for appellant. *B. Fernández García, Attorney General,* and *Emilio de Aldrey, Assistant Attorney General,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

When the plaintiff, a corporation engaged in the manufacture and sale of a product known as "Alcomotor" or "Alcoholine" which is a mixture of fixed proportions of alcohol and gasoline, was required by the Treasurer of Puerto Rico to pay $2,527.24 by way of a tax or excise on 32,673 gallons of the aforementioned product plus interest and surcharges thereon, it paid those amounts under protest and filed suit in the District Court of San Juan for their recovery with legal interest from January 27, 1934, in addition to costs and attorney's fees.

As the basis of its action the plaintiff alleges that Act No. 15 of August 24, 1933 ((2) p. 80), under which the protested tax was imposed and collected, is null and void for the following reasons:

1. Because Section 1 of the statute imposes a tax on the plaintiff's product by reason of its manufacture and sale on the Island, and exempts identical products manufactured in continental United States, and introduced, sold or used in Puerto Rico, from the imposition and collection of the tax, thus violating the principle of the last proviso of Section 3 of the Organic Act, which forbids such discrimination.

2. Because said Section 1 of the act cited, when it creates the discrimination mentioned also violates paragraph 22 of Section 2 of the Organic Act which refers to the uniformity of the rule of taxation in Puerto Rico.

3. Because Act No. 15, *supra,* is in conflict with the provisions of paragraphs 8 and 15 of Section 34 of the Organic Act, (1) in that it contains two distinct subjects, to wit:

(*a*) the imposition of a tax by an amendment to a prior act, and (*b*) the appropriation of the product of said tax for definite works and public services.

4. Because the statute in question appears to have been approved by the Governor of Puerto Rico pursuant to a Joint Resolution of the Legislative Assembly and in the form provided for in that resolution, for which reason its approval is null and void because it was imparted in violation of the provisions of paragraph 5 of Section 34 of the Organic Act, in connection with paragraphs 1, 7, 8, 10, 12, 14, 15, and 16 of the same Section; and, furthermore, because said Joint Resolution has not, according to the provisions cited, the effect or nature of a law.

5. Because when the Joint Resolution authorizing the Governor's approval of Bill No. 15 was approved, the latter had already been submitted for the Governor's approval, and therefore the Legislative Assembly, having exhausted its power and jurisdiction over such a bill, according to Section 34 of the Organic Act, could not amend, alter or modify its text.

6. Because the bill corresponding to said Act No. 15 was passed in a special session of the Legislative Assembly (August 1, 1933), without its inclusion in the Governor's convocation (*convocatoria*), in violation of the provisions of Section 33 of the Organic Act.

A demurrer for the insufficiency of the complaint to state a cause of action having been sustained, plaintiff appealed. His brief contains four assignments of error. They can be summed up as one, to wit: "The lower court erred in holding that Act No. 15 of August 24, 1933, is valid and effective."

We shall examine in the light of the cases and in the same order that they are expressed in the complaint the grounds alleged for the nullity of the act in question.

1st and 2nd. It is alleged that Section 1 of the act is null because it gives rise to a discrimination against the product manufactured on the Island and in favor of the

same product when imported from the United States for sale in Puerto Rico. Said Section 1 reads:

"Section 1.—An internal-revenue tax of seven (7) cents is hereby levied, and shall be collected and paid, once only, on each gallon of gasoline introduced into, or manufactured, sold or consumed, or otherwise disposed of for consumption in, Puerto Rico; and said tax shall be collected by the Treasurer of Puerto Rico by affixing and cancelling such internal-revenue stamps as he may prescribe for said purpose; *Provided,* That this tax shall have the same character as internal revenue taxes, and, therefore, shall be applied in a uniform and general manner to the gasoline produced in foreign countries and brought into Puerto Rico as well as to the gasoline produced in the Island, and said tax shall be collected by the Treasurer of Puerto Rico subject to the provisions of the Internal Revenue Act, as soon as the gasoline is manufactured or produced in, or introduced into, Puerto Rico, by affixing and cancelling internal-revenue stamps on such documents as the Treasurer may determine for said purpose; *And provided, likewise,* That for the purposes of this Act any mixture or combination containing gasoline, or in which gasoline is used, shall be included within the term 'gasoline' as used in this Act. A tax of four (4) cents is hereby levied, and shall be collected, and paid, once only, on each gallon of gas oil and diesel oil introduced into, or manufactured, used, or consumed or otherwise disposed of for consumption in, Puerto Rico, which tax shall be levied and collected in the same manner as that hereinbefore established for gasoline and its combined products."

There is no controversy as to the power which Section 3 of the Organic Act, as amended by Act of Congress of March 4, 1927, grants to our Legislative Assembly of imposing an excise or consumption tax on gasoline manufactured in Puerto Rico and on that brought into the Island from a foreign country or from the United States. The issue submitted to us in this case is whether the Legislative Assembly in exercising such power violated any of the constitutional principles pointed out by the appellant.

The able argument presented by appellant to support his contention that Section 1 of Act No. 15, *supra,* is null and void by reason of the discrimination thereby established, does

not convince us. The mere reading of the Section under consideration convinces us that the manifest purpose of the Legislature was to impose a consumption charge on all gasoline manufactured on the Island or imported or introduced from any other country for consumption in Puerto Rico. The Section provides that the tax shall be levied and collected and paid once only; and no gasoline is exempt from its payment, no matter where it is manufactured or from where it is imported. As soon as the product is within the jurisdiction of the Treasurer of Puerto Rico, ready to be sold or consumed in Puerto Rico, that official has the power and the duty to levy and collect the tax of 7 cents per gallon, without any exception as to the point of origin of the gasoline.

The contention of the appellant that the first proviso (*disponiéndose*) of the Section quoted discriminates in favor of the North American product and against the same product when manufactured within the Island or imported from a country other than the United States, is untenable. In providing that the tax "shall be applied in a uniform and general manner to the gasoline produced in *foreign countries* and brought into Puerto Rico as well as to the gasoline produced in the Island," the Legislature merely wished to prevent, by means of that provision of a purely directory nature, that the law be applied unequally and without uniformity, whether for the purpose of favoring the insular product against those brought in from without the Island, or viceversa. The legislator used the general term "foreign countries" in order to include thereunder any other country or state from which gasoline may be brought or imported to be sold or consumed on this island and thus to establish a difference between all of those countries or states and the territory of the Island of Puerto Rico. The word "foreign" has not been used in the international sense but is expressive of the concept of "extraterritoriality," so as to include within such foreign condition the rest of the world outside of the territory and jurisdiction of our Island.

656

Each of the states of the American Union is "foreign" to the others, with respect to their municipal laws. "Municipal Law" in opposition to "International Law," should be understood to be the local system of laws of a specific country, state or community. See Bouvier's Law Dictionary, Vol. I, p. 811, and Vol. 2, p. 459. A corporation organized under the laws of one of the 48 states of the Union is a foreign corporation with regard to the other 47 states and also with regard to the insular possessions of the United States; and a judgment rendered by a state court is a "foreign judgment" in the rest of the sovereign states which make up the American federation. *Grover & Baker Sewing Machine Co.* v. *Radcliffe*, 137 U. S. 287.

Even if we should accept, as the appellant proposes, that the phrase "foreign countries" was used by the legislator in the technical sense of international law, so as to include thereunder all countries not subject to the sovereignty of the United States, we would still feel bound to dismiss his objection for lack of merit. The provisions which precede the first proviso of Section 1, supra, are the ones which impose the tax and define its purpose. One has but to read them to understand that they are sufficient to make gasoline brought to Puerto Rico from the United States for consumption on the Island, subject to the tax. The proviso referred to does not in any way limit or modify the clause which precedes it. Its purpose is to direct and instruct the fiscal agents of the Government in charge of imposing and collecting the tax, to impose it uniformly, avoiding discrimination against the foreign product, which discrimination might result in the nullification of the statute, on the ground that it constitutes a limitation upon the freedom of commerce between the United States and foreign countries, a field within the exclusive jurisdiction of the National Congress.

3d. The third alleged ground of nullity is that the title of Act No. 15 of August 24, 1933, contains two different subject or purposes—imposition of a tax and appropriation

of its product—in violation of what is provided by paragraphs 8 and 15 of Section 34 of the Organic Act, which reads as follows:

(8) "No bill except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed.

(15) "The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments, interest on the public debt, and for public schools. All other appropriations shall be made by separate bills, each embracing but one subject."

As may be seen from its simple reading, paragraph 8, *supra,* contains a directory provison to the effect that bills should not contain more than one subject which should be clearly expressed in the title. The inclusion of more than one subject in a bill does not necessarily result in the nullity of the whole law. It is only when a subject included in the text is not expressed in the title, that such a law will be void, but that nullity will only extend to that part of the law which is not expressed in its title.

Applying the precept of the Organic Act, *supra,* to the statute under consideration, we are convinced that the imposition of a tax and the appropriation or determination of the use to be made of the product of such a tax are not two matters so distinct and separate that their inclusion together in the text or title of a law or in one or the other of them should be considered as a violation of the cited provisions of the Organic Act.

Section 3 of the Organic Act grants the Legislative Assembly of Puerto Rico the power to levy "for the purposes of the insular and municipal governments, respectively," taxes and assessments on property, internal revenue, license fees and royalties for franchises, privileges and concessions. The imposition of a tax or internal revenue,

without specifying in the law the purpose, municipal or insular, to which the product of such taxes shall be dedicated, might be sufficient cause to invalidate the law. This should specify that the funds collected by the imposition (levy) of such tributes shall be covered into the general funds of the Treasury, for dedication to public services under the control of the Insular or Municipal Government, as the case may be, or that such funds shall be dedicated to works or purposes of a public nature of one or other of those governments. It is untenable, therefore, to say that the imposition of a tax and the appropriation of the funds it may produce for a definite public purpose, are two distinct subjects which cannot be included in the text or title of the same law. They are, in our opinion, related matters, or complementary and integral parts of one subject, which not only can but necessarily must be included in the text and title of the statute.

The pertinent part of the title of Act No. 15, *supra*, reads:

"An Act to amend sections 1 and 2 of Act No. 40, entitled 'An Act to levy a tax of seven (7) cents on each gallon of gasoline imported, manufactured, sold, used, or consumed, or otherwise disposed of for consumption in Porto Rico; hereafter to cover the proceeds of said tax into the general funds of the Insular Treasury, and for the construction of municipal roads; etc.' . . . . to extend the meaning of the term 'gasoline' to include alcoholine, gas oil, and diesel oil, and to levy thereon a tax of four (4) cents on each gallon introduced into, or manufactured, used, or consumed, or otherwise disposed of for consumption in, Puerto Rico; to provide the manner in which the said funds shall be applied, and for other purposes."

We are of the opinion that neither the text nor the title of the act in issue contravene any of the provisions of the Organic Act.

4th and 5th. The same reasons presented by the appellant to support his 4th and 5th grounds for nullity, *supra*, were submitted to the consideration of this Supreme Court in the case of *Agudo v. Domenech*, 49 P.R.R. 863 and decided against the contention of said appellant. Since no

additional reason has been presented nor authority cited compelling us to modify the opinion in the case mentioned, we must hold that the lower court did not err in deciding that no principle of the Organic Act was violated by the procedure which the Legislative Assembly and the Governor of Puerto Rico followed in approving Act No. 15 of August 24, 1933.

6th. The dismissal of the 6th cause of nullity raised in the complaint, *supra,* does not appear among the assignments of error, nor is any reference made to it in the brief of the appellant. We shall, therefore, refrain from considering it.

The judgment of the lower court should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.